UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRACEY LIPTON, on behalf of herself and all others similarly situated, ) ) ) | |
| ) | 11 C 2952 |
| Plaintiff, ) ) | |
| ) | Judge Feinerman |
| vs. ) ) | |
| CHATTEM, INC., ) ) ) | |
| Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

Tracey Lipton claims in this putative class action that Chattem, Inc. sold her a weight loss product, Dexatrim Max ("Dexatrim"), that was contaminated with a toxic substance, hexavalent chromium. The complaint alleges only economic injury, not physical injury, and sets forth state law claims under the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA"), 815 ILCS 505/1 *et seq.*, and for intentional misrepresentation, breach of the implied warranty of merchantability, and unjust enrichment. Chattem moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of standing and, alternatively, under Rule 12(b)(6) for failure to state a claim. Doc. 9. The court dismissed the implied warranty claim but otherwise denied the motion. 2012 WL 1192083 (N.D. Ill. Apr. 10, 2012).

Now before the court is Lipton's motion under Rule 23 for class certification. Doc. 93. She seeks to certify a class defined in relevant part as follows:

> [A]ll Illinois residents who purchased a Dexatrim product that listed chromium as an ingredient during the time period from May 3, 2006, to the date of certification of the Class for their own household use rather than resale or distribution ….

*Id*. at 1. For the following reasons, class certification is denied. Familiarity with the court's prior opinion, which sets forth the pertinent background, is assumed.

## Discussion

To be certified, a proposed class must satisfy the four requirements of Rule 23(a): "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims and defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). If Rule 23(a) is satisfied, the proposed class must fall within one of the three categories in Rule 23(b), which are: "(1) a mandatory class action (either because of the risk of incompatible standards for the party opposing the class or because of the risk that the class adjudication would, as a practical matter, either dispose of the claims of non-parties or substantially impair their interests), (2) an action seeking final injunctive or declaratory relief, or (3) a case in which the common questions predominate and class treatment is superior." *Spano v. Boeing Co.*, 633 F.3d 574, 583 (7th Cir. 2011). As the putative class representative, Lipton bears the burden of showing that each requirement is satisfied. *See Retired Chi. Police Ass'n v. City of Chi.*, 7 F.3d 584, 596 (7th Cir. 1993). "Failure to meet any one of the requirements of Rule 23 precludes certification of a class." *Harriston v. Chi. Tribune Co.*, 992 F.2d 697, 703 (7th Cir. 1993) (internal quotation marks omitted).

Although "as a general principle, a court is not allowed to engage in analysis of the merits in order to determine whether a class action may be maintained[,] … the boundary between a class determination and the merits may not always be easily discernible," and "the

class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Retired Chi. Police*, 7 F.3d at 598-99 (internal quotation marks omitted); *see also Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (class certification analysis "[f]requently … will entail some overlap with the merits of the plaintiff's underlying claim"). As the Seventh Circuit has explained, "a district court must make whatever factual and legal inquiries are necessary to ensure that requirements for class certification are satisfied before deciding whether a class should be certified, even if those considerations overlap the merits of the case." *Am. Honda Motor Co. v. Allen*, 600 F.3d 813, 815 (7th Cir. 2010); *see also Kartman v. State Farm Mut. Auto. Ins. Co.*, 634 F.3d 883, 889-90 & n.6 (7th Cir. 2011). The Seventh Circuit has instructed district courts to exercise "caution" before certifying a class, *Thorogood v. Sears, Roebuck & Co.*, 547 F.3d 742, 746 (7th Cir. 2008), including in consumer fraud cases like this one. *See Pella Corp. v. Saltzman,* 606 F.3d 391, 393 (7th Cir. 2010) ("consumer fraud class actions present problems that courts must carefully consider before granting certification").

**I.      Rule 23(a)**

Lipton has failed to show that she is an adequate class representative under Rule 23(a)(4). The adequacy inquiry "consists of two parts: (1) the adequacy of the named plaintiffs as representatives of the proposed class's myriad members, with their differing and separate interests, and (2) the adequacy of the proposed class counsel." *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011). The Seventh Circuit has emphasized that a proposed class representative is inadequate if she is subject to "even an arguable defense" not applicable to the class as a whole:

> The presence of even an arguable defense peculiar to the named plaintiff or a small subset of the plaintiff class may destroy the required typicality of the class as well as bring into question the adequacy of the named plaintiff's representation. The fear is that the named plaintiff will become distracted by the presence of a possible defense applicable only to him so that the representation of the rest of the class will suffer. A named plaintiff who has serious credibility problems or who is likely to devote too much attention to rebutting an individual defense may not be an adequate class representative.

*CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 726 (7th Cir. 2011) (citations and internal quotation marks omitted); *see also Randall v. Rolls-Royce Corp.*, 637 F.3d 818, 824 (7th Cir. 2011); *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 514 (7th Cir. 2006); *Hardy v. City Optical Inc.*, 39 F.3d 765, 770 (7th Cir. 1994); *Koos v. First Nat'l Bank of Peoria*, 496 F.2d 1162, 1164-65 (7th Cir. 1974). This obstacle to class certification occasionally has been addressed under Rule 23(a)(3), which concerns typicality, but the Seventh Circuit recently made clear that adequacy is the proper rubric. *See CE Design*, 637 F.3d at 724-25.

Lipton is subject to particular defenses that prevent her from being an adequate class representative. At her deposition, Lipton testified that she would have bought Dexatrim even if hexavalent chromium had been listed as an ingredient. Doc. 66-2 at 8 ("Q: [I]f hexavalent chromium had been listed on the product as an ingredient, would that have caused you not to buy the product at the time? A: I would have bought it."). Lipton further testified that she did not know what hexavalent chromium was at the time that she purchased Dexatrim. *Ibid*. ("Q: Have you ever heard of hexavalent chromium at the time? A: Nope."). This poses a severe problem for Lipton, as the ICFA claim requires proof of materiality and causation, while the intentional misrepresentation claim requires proof of materiality, causation, and reliance. *See Siegel v. Shell Oil Co.*, 612 F.3d 932, 935 (7th Cir. 2010) ("to prevail under ICFA, a plaintiff must demonstrate that the defendant's conduct is the proximate cause of the injury"); *Oshana*, 472 F.3d at 514-15

-4-

("a private cause of action under the ICFA requires a showing of proximate causation"); *Clark v. Experian Info. Solutions, Inc.*, 256 F. App'x 818, 822 (7th Cir. 2007) ("Illinois law requires a finding of proximate causation under ICFA, and does not provide for such causation to be inferred."); *Jamison v. Summer Infant (USA), Inc.*, 778 F. Supp. 2d 900, 911 (N.D. Ill. 2011) ("the ICFA applies to the omission of any 'material' information"); *Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 591 (Ill. 1996) ("The elements of common law fraud are: (1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce the plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages resulting from reliance on the statement."). The unjust enrichment claim, while not necessarily requiring proof of "loss or damages," does require proof of "a detriment—and, significantly, a connection between the detriment and the defendant's retention of the benefit." *Cleary v. Philip Morris, Inc.*, 656 F.3d 511, 519 (7th Cir. 2011).

Lipton's deposition testimony would provide Chattem with serious grounds to attack her claims at trial. If Lipton would have bought Dexatrim even if hexavalent chromium had been listed as an ingredient, and if she did not know what hexavalent chromium was at the time, a jury easily could find that she has not proved materiality, causation, reliance, or a connection between the detriment to her and the benefit to Chattem arising from Chattem's alleged misconduct. *See Oshana*, 472 F.3d at 513-14 ("a damages claim under the ICFA requires that the plaintiff was deceived in some manner and damaged by the deception"). That obstacle to Lipton's success would not apply to class members who did know what hexavalent chromium was or to those who would not have bought Dexatrim had it been listed as an ingredient. Lipton therefore is an

inadequate class representative; she would have to devote substantial attention to overcoming her deposition testimony, and if she failed to do so, she would sink each absent member's claims even though they might have prevailed had a class representative without Lipton's baggage been carrying the torch. *See Randall*, 637 F.3d at 824 ("named plaintiffs who are subject to a defense that would not defeat unnamed class members are not adequate class representative, and adequacy of representation is one of the requirements for class certification"); *Oshana*, 472 F.3d at 514 (affirming the denial of class certification where the proposed class representative's claim was subject to "certain specific factual defenses"); *Hardy*, 39 F.3d at 770 ("a plaintiff against whom the defendants have a defense not applicable to other members of the class is not a proper class representative").

Lipton argues that other portions of her deposition testimony suggest that she would not have bought Dexatrim if the possible side effects of hexavalent chromium had been listed on the label. Doc. 94-2 at 3-6. The deposition transcript does contain such passages, and if Chattem introduced the harmful deposition testimony as a party statement under Federal Rule of Evidence 801(d)(2)(A), and then the helpful deposition testimony were introduced under Rule 106, the jury *might* excuse the harmful testimony return a verdict in Lipton's favor. But a defense need not be a sure bet to defeat a proposed class representative's adequacy; the defense need only be "arguable." *CE Design*, 637 F.3d at 726 ("The presence of even an arguable defense peculiar to the named plaintiff … may … bring into question the adequacy of the named plaintiff's representation.") (internal quotation marks omitted). There is a substantial risk that Lipton would be unable to overcome her harmful testimony, and it is that risk that makes her an inadequate class representative. *See J.H. Cohn & Co. v. Am. Appraisal Assocs., Inc.*, 628 F.2d

994, 998-99 (7th Cir. 1980) (holding that the district court properly held that the proposed class representative, "a sophisticated investor very familiar with financial statements," was inadequate because "[s]uch an investor may not be as justified in relying on any material misrepresentations or omissions of material facts as other purchasers of [the] stock"); *Wooley v. Jackson Hewitt, Inc.*, 2011 WL 1559330, at *7-8 (N.D. Ill. Apr. 25, 2011).

## II. Rule 23(b)

Even if Lipton satisfied Rule 23(a), class certification would nonetheless founder under Rule 23(b). Lipton argues that her proposed class qualifies under Rule 23(b)(2) and 23(b)(3), which are considered in turn.

### A. Rule 23(b)(2)

Rule 23(b)(2) provides that class certification is available if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Lipton contends that certification may proceed under Rule 23(b)(2) because the putative class seeks injunctive and declaratory relief to enjoin Chattem from selling Dexatrim containing hexavalent chromium without disclosing its presence. Doc. 93-1 at 16. But Chattem had stopped distributing Dexatrim with any form of chromium as of early 2011, Doc. 66-3 at 7, rendering moot Lipton's request for injunctive relief. Although voluntary cessation of conduct does not ordinarily moot a claim for injunctive relief, *see BMG Music v. Gonzalez*, 430 F.3d 888, 893 (7th Cir. 2005), injunctive relief is mooted when "there is no reasonable expectation that the wrong will be repeated." *Milwaukee Police Ass'n v. Jones*, 192 F.3d 742, 747 (7th Cir. 1999) (internal quotation marks omitted). The record evidence shows that Chattem will no longer use

chromium in its Dexatrim products. Doc. 66-3 at 8-9. This means that Lipton's request for injunctive relief is moot. *See Nelson v. Miller*, 570 F.3d 868, 882 (7th Cir. 2009) (the fact that it is "theoretically possible" that the defendant will resume the allegedly unlawful conduct after the litigation's conclusion does not defeat mootness where "that possibility is supported only by speculation and not evidence").

Even if the request for injunctive relief were not moot, Lipton's Rule 23(b)(2) argument fails on the merits. Certification under that provision is "permissible only when monetary relief is incidental to the equitable remedy." *Jefferson v. Ingersoll Int'l, Inc.*, 195 F.3d 894, 898 (7th Cir. 1999); *see also In re Allstate Ins. Co.*, 400 F.3d 505, 507 (7th Cir. 2005) ("When the main relief sought is injunctive or declaratory, and the damages are only 'incidental,' the suit can be maintained under Rule 23(b)(2)."). Put another way, Rule 23(b)(2) certification is proper only where "injunctive or declaratory relief is the predominant remedy requested for class members." *Gates v. Towery*, 2004 WL 2583905, at *8 (N.D. Ill. Nov. 10, 2004) (internal quotation marks omitted); *see also Randall*, 637 F.3d at 826 (Rule 23(b)(2) is applicable "only when the primary relief sought is injunctive"); *Fietsam v. Conn. Gen. Life Ins. Co.*, 1994 WL 323313, at *5 (N.D. Ill. June 27, 1994) (same). Despite Lipton's protestations to the contrary, Doc. 94 at 16, injunctive relief is not the predominant remedy requested for class members. The complaint alleges that the putative class's monetary damages exceed $5 million, and the prayer for relief seeks "actual damages, statutory damages, [and] punitive or treble damages." Doc. 1 at 17. A case like this cannot proceed under Rule 23(b)(2).

### B. Rule 23(b)(3)

A proposed class satisfies Rule 23(b)(3) if "the questions of law or fact common to class members predominate over any questions affecting only individual members, and … a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Lipton satisfies neither requirement.

#### 1. Predominance

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). While similar to the Rule 23(a)(2) commonality requirement, the predominance requirement is "far more demanding." *Id*. at 624. Predominance is not satisfied where liability determinations are individual and fact-intensive. See *Kartman*, 634 F.3d at 891; *Myers v. Hertz Corp.*, 624 F.3d 537, 551 (2d Cir. 2010) ("while it is well established that the existence of a defense potentially implicating different class members differently does not *necessarily* defeat class certification, it is equally well established that courts must consider potential defenses in assessing the predominance requirement") (internal citations omitted). Because liability determinations in this case will be individual and fact-intensive, Lipton cannot establish predominance.

Analysis of predominance "begins, of course, with the elements of the underlying cause of action." *Erica P. John Fund, Inc. v. Halliburton Co.*, 131 S. Ct. 2179, 2184 (2011). To prevail on an ICFA, intentional representation, or unjust enrichment claims, each class member would have to prove that they were deceived by Chattem's labeling of Dexatrim and that they suffered damages as a result. See *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 569 (7th Cir.

2012) (under Illinois law, a fraud plaintiff must show "reliance on the truth of the statement" and "damage … resulting from that reliance") (internal quotation marks omitted); S*iegel v. Shell Oil Co.*, 612 F.3d 932, 935 (7th Cir. 2010) ("to prevail under ICFA, a plaintiff must demonstrate that the defendant's conduct is the proximate cause of the injury"); *Oshana*, 472 F.3d at 513-14 (same); *In re Sears, Roebuck & Co. Tools Marketing & Sales Practices Litig.*, 2007 WL 4287511, at *9 (N.D. Ill. Dec. 4, 2007) ("Plaintiffs' unjust enrichment claim is based on wrongful conduct—fraud. Generally speaking, then, plaintiffs will have to demonstrate that they were deceived by Sears's advertising and marketing; that as a result they conferred a benefit on Sears; and that it would be unjust for Sears to retain that benefit.").

These matters cannot be proved on a classwide basis. The proposed class includes individuals who: (1) were unaware of the presence of hexavalent chromium in Dexatrim and who would not have purchased the product had they been so aware; (2) were unaware of the presence of hexavalent chromium but may have still purchased the product had they been so aware; and (3) were aware of the presence of hexavalent chromium and purchased the product anyway. These differences among the proposed class require that the key liability issues—whether a given class member was deceived by Chattem's labeling of Dexatrim and whether she suffered damages as a result—can be resolved only on an individual basis. *See Thorogood*, 547 F.3d at 746-48 (finding that common issues did not predominate where each class member's claim turned on the extent to which she relied on or was damaged by the defendant's allegedly deceptive advertising); *Oshana*, 472 F.3d at 514 (affirming the denial of class certification of an ICFA claim where the proposed class would include members who suffered no damages or could not prove that they suffered damages proximately caused by the

alleged deception); *In re Sears, Roebuck & Co.*, 2007 WL 4287511, at *5 (denying class certification of ICFA and unjust enrichment claims where "[t]he instant putative class would include people who (1) bought Craftsman tools but never saw any Craftsman advertising; (2) bought Craftsman tools but never saw advertising representing that the tools were made in the United States; and (3) bought Craftsman tools with the knowledge that those tools were not made in the United States"). Certification under Rule 23(b)(3) is "not appropriate for resolving such highly individualized questions of fact." *Kartman*, 634 F.3d at 891.

### 2. Superiority

Because individual issues predominate, Lipton's proposed class is not superior to other methods of adjudication. Lipton has not put forth any practicable way for the court to resolve efficiently the individual factual issues that bear on liability without conducting hundreds or thousands of mini-trials. "[W]hen a separate evidentiary hearing is required for each class member's claim, the aggregate expense may, if each claim is very small, swamp the benefits of class-action treatment." *Pastor v. State Farm Mut. Auto Ins. Co.*, 487 F.3d 1042, 1047 (7th Cir. 2007); s*ee also Andrews v. Chevy Chase Bank*, 545 F.3d 570, 577 (7th Cir. 2008) ("If the class certification only serves to give rise to hundreds or thousands of individual proceedings … it is hard to see how common issues predominate or how a class action would be the superior means to adjudicate the claims."); *Martino v. McDonald's Corp.*, 1984 WL 1294, at *4 (N.D. Ill. Oct. 19, 1984) ("class certification would not be proper because of the necessity of the mini-trials"). The claims of the absent putative class members would require separate evidentiary hearings to establish liability, and a class action would not be superior to other methods of adjudication.

**Conclusion**

For the foregoing reasons, Lipton's motion for class certification is denied. This case will proceed as an individual action.

February 8, 2013

_____
United States District Judge